# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **J &J H CONSTRUCTION CONTROL LLC** § § § § § § § § § § | |
| **Plaintiff,** | |
| v. | **CIVIL ACTION NO.** |
| **713 RE, LLC d/b/a 713 RE- Series 09 – Decatur and 713RE, LLC d/b/a- Series 1-205 S 15th and LANDON ROTHSTEIN** | |
| **Defendants.** | |

## ORIGINAL COMPLAINT

COME NOW, Plaintiff J&J H Construction Control, LLC ("JJH")[1], brings this action against 713 Re, LLC d/b/a 713 Re-Series 09-Decatur ("713-Decatur") and 713 Re, LLC d/b/a 713 Re-Series 1-205 S. 15th ("713-15th") and Landon Rothstein ("Rothstein") and alleges the following based upon information, belief, and investigation.

## INTRODUCTION

1.  Defendant companies are solely owned by Defendant Rothstein and purport to be real estate investment companies. Rothstein approached and convinced Plaintiff JJH to invest in two separate parcels of real estate, 510 W. Decatur Ave., Orange, Texas 77630 and 205 S. 15th Street, Silsbee, Texas 77656.

---

[1] JJH is the assignee and successor in interest to J&JH Construction, Inc.

2.      In doing so, Rothstein presented JJH with numerous and voluminous real estate documents to be executed on the same day. The documents included, but were not limited to a special warranty deed, a wrap around deed and a deed in lieu of foreclosure.

3.      Each of these documents serve different purposes relating to title to real estate and in fact contradict. The special warranty deeds, per property, conveyed title from the Defendants to JJH; the wrap around deed which purports to is a financing arrangement commonly used in real estate transactions, particularly in Texas, where the seller (the Defendants) provides financing to the buyer while existing liens on the property remain in place. The buyer generally executes a promissory note to the seller or lender for an amount that includes the outstanding balance of the existing liens plus any additional financing provided by the seller or lender. The seller or lender, in turn, continues to make payments on the existing liens using the payments received from the buyer.

4.      Lastly, a deed in lieu of foreclosure is a legal arrangement in which a borrower voluntarily transfers ownership of real property to the lender to satisfy a debt, typically when the borrower is in default.

5.      Here, the Defendants caused JJH to execute all three real estate transactions at the same time. Thereafter, JJH paid the amounts identified in each of the transactions.

6.      Notwithstanding JJH's payments, the Defendants exercised its purported rights under the deed in lieu of foreclosure executed on the same day as the conveyance and incurrence of the debt obligations. The Defendants sent no notices of default, of any kind (statutory or otherwise) and no known promissory notes exist identifying any payment amounts or default provisions.

7. Simply, the Defendants, by and through Defendant Rothstein, represented these transactions as legitimate real estate purchases and accepted JJH proceeds only to turn around and record unlawful title subject to the deeds in lieu of foreclosure.

8. Moreover, the Defendants now seek to sell each of the properties to the financial detriment of JJH.

## JURISDICTION AND VENUE

9. This is a civil action to recover damages stemming from the breach of and fraudulent inducement into real estate transactions. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a) as the amount in controversy exceeds $75,000, exclusive of interest and costs, and for purposes of this action, the Plaintiff is a citizen of the State of Wyoming, and the Defendants are citizens of the Texas.

10. This Court has personal jurisdiction over the Defendants because they conduct business in the State of Texas and are within this judicial district. Specifically, Defendants executed and seek to sell the real property at issue in this judicial district.

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because the Defendants reside in this district.

## PARTIES

12. Plaintiff, J&J H Construction Control, LLC is a Wyoming Company in good standing.

13. Defendant, Landon Rothstein is a resident of Texas who may be served with process at 4141 North Freeway, Ste. 310, Houston, Texas 77022.

14. Defendant 713 Re, LLC d/b/a 713 Re-Series 09-Decatur is a Texas entity operating as a d/b/a that may be served by serving its registered agent, Landon Rothstein is a resident of Texas who may be served with process at 4141 North Freeway, Ste. 310, Houston, Texas 77022.

15. Defendant 713 Re, LLC d/b/a 713 Re-Series 1-205 S. 15th is a Texas entity operating as a d/b/a that may be served by serving its registered agent, Landon Rothstein is a resident of Texas who may be served with process at 4141 North Freeway, Ste. 310, Houston, Texas 77022.

## FACTUAL ALLEGATIONS

16. On or about July 22, 2022, Rothstein encouraged JJH to invest and purchase real property commonly known as 510 Decatur, Orange, Texas and 205 S. 15th Street, Silsbee, Texas 77656. Rothstein stated the property acquisitions were investment opportunities and offered them for sale.

17. For example, the recorded history of the Decatur property is identified as follows:

| Deed Date | Type Description | Grantor | Grantee | Volume | Page Number |
|---|---|---|---|---|---|
| 7/22/2022 | Foreclosure Deed | J&J H CONSTRUCTION, INC | 713 RE, LLCSERIES 09-DECATUR | 527795 | |
| 7/22/2022 | Special Warranty Deed | 713 RE, LLCSERIES 09-DECATUR | J&J H CONSTRUCTION, INC | 521317 | |
| 11/1/2019 | Special Warranty Deed | ROTHSTEIN, LANDON | 713 RE, LLCSERIES 09-DECATUR | 482156 | |
| 9/29/2016 | Warranty Deed w/ Vendors Lien | HENRY, DONNA MARIE | ROTHSTEIN, LANDON | 436760 | |

18. Notably, Rothstein convinced JJH to execute, on the same day, a special warranty deed with vendor's lien and warranty deed-in-lieu of foreclosure (titled above as a "foreclosure deed"). Additionally on July 22, 2022, Rothstein presented en masse to JJH additional documents related to the Property, including an assignment of rents and deed of trust.

19. These documents were designed to get money from JJH and then once enough money was collected, Rothstein claimed a right under the purported deed in lieu or foreclosure deed and now seeks to sell the property.

20.     Simply, there is no promissory note securing the special warranty deed with third party vendor's lien.  To the extent the Defendants produce such a document, there was no default under the note as evidenced by no notices of default from the Defendants to JJH.

21.     Moreover, the only way the Defendants regained title interest and seek to sell the property purchased by JJH is evidence by the Defendants' warranty deed in lieu of foreclosure executed contemporaneously with the purchase documents.

22.     Illogically and unlawfully, Defendants convinced JJH to execute a special warranty deed with vendor's lien which is a lien retained against the property until the purchase money note and any interest are fully paid, at which point the deed becomes absolute in the borrower; and simultaneously insist JJH execute a warranty deed in lieu of foreclosure which is a legal arrangement in which a borrower voluntarily transfers ownership of real property to the lender to satisfy a debt, <u>typically when the borrower is in default</u>.

23.     Here, there is no promissory note, there is no default (evidenced by any notices of default) as required by Tex. Prop. Code § 51.002. Accordingly, the Defendants engaged in an unlawful real estate scheme to convince JJH it was purchasing real properties. JJH relied on the scheme by executing the documents drafted by the Defendants and paid substantial sums to the Defendants believing they were acquiring title to the properties.

24.     None of the payments made by JJH to the Defendants were credited towards any purchase because the Defendants never intended to convey title to JJH. The Defendants used a series of complicated and  contradictory real estate documents efforting to convince JJH that its purchase of the real properties was legitimate.

25.     However, the Defendants never intended to convey title and solely sought to take the JJH proceeds without honoring any real estate purchase transaction.

26. Defendants did the exact same purported real estate transaction with the same unenforceable documents to the Plaintiff for the following address: 205 S. 15TH ST SILSBEE, TX 77656. Likewise, Defendants now unlawfully list these property for sale.

## CAUSES OF ACTION

### First Cause of Action: Violations of Tex.Bus & Comm. Code Sec. 21A.002 and Tex. Prop. Code § 51.002

27. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

28. The Defendant d/b/a entities by and through Rothstein convinced, encouraged and solicited JJH to execute a special warranty deed with a vendor's lien that references a promissory note on June 22, 2022. On the same day, Defendant d/b/a entities by and through Rothstein convinced, encouraged and solicited JJH to simultaneously execute a deed in lieu of foreclosure purportedly conveying title back to the Defendants because of a default of the very promissory note that simultaneously was executed on the same day without providing any default notices or opportunities to cure.

29. Such conduct is expressly prohibited. Tex.Bus.&Comm Code. § 21A.002 states:

(a) A seller of residential real estate or a person who makes an extension of credit and takes a security interest or mortgage against residential real estate may not, before or at the time of the conveyance of the residential real estate to the purchaser or the extension of credit to the borrower, request or require the purchaser or borrower to execute and deliver to the seller or person making the extension of credit a deed conveying the residential real estate to the seller or person making the extension of credit.

(b) A deed executed in violation of this section is voidable unless a subsequent purchaser

of the residential real estate, for valuable consideration, obtains an interest in the property after the deed was recorded without notice of the violation, including notice provided by actual possession of the property by the grantor of the deed. The residential real estate continues to be subject to the security interest of a creditor who, without notice of the violation, granted an extension of credit to a borrower based on the deed executed in violation of this section. Tex. Prop. Code § 51.002 (d) states: Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with <u>written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien</u> and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b)

30. Here, the Defendants' act of compelling JJH to execute a special warranty deed with a vendor's lien referencing a promissory note for a sum certain and simultaneously execute a deed in lieu of foreclosure for violating that same deed with vendor's lien referencing a promissory note violates the statute. Further, the Defendants violated the Texas property code by failing to provide any notice of default and opportunity to cure.

**Second Cause of Action: Violations of Sec. 27.01. Fraud in Real Estate and Stock Transactions by the Defendant entities.**

31. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

32. The Defendants' incorporation of manipulating JJH to execute a warranty deed with vendor's lien tied to a purported promissory note and simultaneously executing a deed in lieu of foreclosure for defaulting of the same promissory note is fraud in a real estate transaction.

33. The applicable statute states that: (a) Fraud in a transaction involving real estate or stock

in a corporation or joint stock company consists of a:

>(1) false representation of a past or existing material fact, when the false representation is

>(A) made to a person for the purpose of inducing that person to enter into a contract; and

>(B) relied on by that person in entering into that contract.

34. In the case *sub judice*, the Defendants falsely represented that the deed with vendor's lien to sell the property for a sum certain was a legitimate sales transaction to convey the real property with the intent to induce JJH to enter into the real estate contracts. JJH brings this action because it relied upon the Defendants' false representations as reflected in its execution of the Defendants' drafted documents and the payment of large sums for the properties.

### Cause of Action Three: Fraud by Rothstein, the entities and d/b/a's

35. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

36. Each and every false statement and false representation made by the Defendants to JJH to induce it to execute the real estate documents referred to herein were made by Mr. Rothstein on behalf of the corporate entities and their dba's. Texas law does not shield corporate officers from personal liability for intentional torts or fraudulent acts, even if those acts were performed within the scope of their corporate duties. Courts have repeatedly emphasized that an officer's status as a corporate representative does not insulate them from liability for their own wrongful acts.

37. Mr. Rothstein, individually and on behalf of the entities, directly and intentionally made false statements to JJH relating to its ability to purchase the real properties. Thereafter, JJH executed the real estate documents presented by Mr. Rothstein and in fact paid substantial sums to Mr. Rothstein for the purchase of the properties.

38. Resultantly, Mr. Rothstein and the entities are liable for his fraudulent conduct and the

damages resulting therefrom.

### Cause of Action Four: Alter Ego

39. Plaintiff incorporates paragraphs 1 through 33 herein by reference. In addition to and/or in the alternative to any other cause of action, Plaintiff seeks to recover damages against the Defendants for alter ego. "Alter ego applies when there is such unity between corporation and individual that the separateness of the corporation has ceased and holding only the corporation liable would result in injustice." *US. King King, LLC v. Precision Energy Servs., Inc*., 555 S.W.3d 200, 213 (Tex. App. 2018) (internal citations omitted). "Thus, to pierce the corporate veil and impose liability under an alter-ego theory, the plaintiff must demonstrate (1) that the entity on which it seeks to impose liability is the alter ego of the debtor, and (2) that the corporate fiction was used for an illegitimate purpose, that is, to perpetrate an actual fraud on the plaintiff for the defendant's direct personal benefit." *Id*. (internal citations omitted).

40. Rothstein and the Defendant entities alter egos of one another. Rothstein used the Defendant entities as part of a fraudulent scheme to defraud and to induce Plaintiff, an unsuspecting investor to entrust them and directly profited from to Plaintiff's detriment. Furthermore, upon information and belief, the Plaintiff's financial assets, profits, and/or properties were unlawfully transferred to Defendants to further perpetuate fraud upon Plaintiff and hinder any attempts creditors and investors to collect on the debt(s) owed by Defendants. In addition, material misrepresentations or concealment of material facts were made as to the Defendants' bad acts. Thus, the Defendants should be held jointly and severally liable to Plaintiff.

### Damages

41. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth herein. As a result of the Defendants' unlawful conduct described herein, JJH paid

the Defendants sums for the acquisition of the real properties sums totaling no less than $500,000.

42. Now that the Defendants filed and recorded the improvident deeds in lieu of foreclosure, the Defendants are listing the properties for sale as the putative title owners of the properties. This listing interferes with JJH's ownership and deprives JJH of the market value of the properties totaling $500,000.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendants and in favor of Plaintiff, and grant the following relief:

*First*, judgment declaring the deeds in lieu of foreclosure void;

*Second*, damages for violation of the purchase documents;

*Third*, damages for Mr. Rothstein's fraudulent conduct in recovery for alter ego:

*Fourth*, an award of Plaintiff's reasonable attorneys' fees and costs; and

*Eighth*, any other relief which the court determines proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

July 31, 2025                By:/*s/ Marcellous S. McZeal*
Marcellous S. McZeal
United States Supreme Court Admission No.: 3036368
United States Southern District of Texas Admission No.: 21271
**GREALISH MCZEAL, P.C.**
700 Louisiana St., 41st Floor
Houston, Texas 77002
(713) 255-3234 – Telephone
mmczeal@grealishmczeal.com